# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| IN RE: DEEPWATER HORIZON BELO CASES | Case No. 3:19cv963 |
| This Document Relates to: | Judge M. Casey Rodgers |
| *Cases Listed on Exhibit A* | Magistrate Judge Gary R. Jones |

## <u>ORDER</u>

Before the Court is the Report and Recommendation of the Magistrate Judge dated November 30, 2021, ECF No. 374 (Master Docket), recommending the denial of BP's Motion for Summary Judgment Based on No Admissible Proof of Injury, in each Back-End Litigation Option ("BELO") case listed on Exhibit A.[1]  BP argued that each Plaintiff's suit is based on diagnostic reports purportedly authored by Dr. Ron Lippman, D.O., who has subsequently stated by affidavit that he had no doctor-patient relationship with these plaintiffs and therefore cannot verify the underlying diagnoses or the contents of the medical records as presented in the BELO claims administration process.  BP argued there is thus no admissible proof of a first diagnosis found within the Notice of Intent to Sue of the BELO claims process,

---

[1] The Court assumes the parties' familiarity with the BELO context and basic facts of the *Deepwater Horizon* oil spill and MDL proceeding.  The context and facts are also adequately set out within the Report and Recommendation, which is adopted herein by reference, and thus need not be stated again in this Order.

which is a precondition to filing a BELO suit.  BP also argued that Plaintiffs cannot

retroactively correct the lack of a first diagnosis within the Notice of Intent to Sue

(which was presented to the claims administrator) by establishing a correct diagnosis

during the discovery phase of their BELO suits.

The Magistrate Judge thoroughly considered the claims process as described

in the Medical Benefits Class Action Settlement Agreement ("MSA") and concluded

that BP's argument was inconsistent with the intent of the BELO process.  The

Magistrate Judge correctly explained that the Notice of Intent to Sue stage was

intended as a screening process in which Plaintiffs would be required to substantiate

their claim with *either* the certification of a physician's diagnosis *or* medical records

containing the diagnosis and date of the first diagnosis, but the fact of a correct

diagnosis would remain an issue to be litigated within a BELO suit.[2]  The Magistrate

Judge further explained that "it would be unjust to grant summary judgment now

against Plaintiffs who have advanced through the screening process and have

reliable evidence of diagnosis."[3]  ECF No. 374 at 10.  In other words, according to

---

[2] *See R&R,* ECF No. 374 at 9 (citing *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, Case No. 2:10-md-2179-CJB-JCW (E.D. La), ECF No. 6427-6 (MSA, Ex. 4)).

[3] The Magistrate Judge declined to address the "tangential" argument that Physicians' Assistants can provide competent medical evidence, noting that the issue was not before the Court because it was beyond the scope of the sur-reply allowed.  ECF No. 374 at 10, n. 9.

the Magistrate Judge, BP misconstrued the MSA to require proof of a *correct* diagnosis at the claims administration stage.  *Id.* at 5-6.

Having fully reviewed the matter, the undersigned agrees and thus rejects BP's objection and argument that the Magistrate Judge misinterpreted the procedural requirements for the Notice of Intent to Sue, *see* ECF No. 389.  Rather than foreclosing a challenge before trial, as BP suggests, the Magistrate Judge simply and properly recognized that the claims administration procedure was intended as a streamlined screening process that would ensure Plaintiffs had record evidence of a diagnosis either through medical records or the certification of a physician.  Nothing more.  The Magistrate Judge did not conclude, as BP argues, that a later diagnosis can be substituted in where none existed in the records before the claims administrator.  Nor did the Magistrate Judge equate "reliable" records with a "correct" diagnosis.  Although the Magistrate Judge noted that the evidence was accepted by the claims administrator as facially sufficient to permit suit, he did not imply that this Court would rubber stamp the claims administrator's screening determination on a fully developed record.  Plaintiffs still have the burden to prove the correctness of any diagnosis but they should be given an opportunity to do that

through discovery, as opposed to being subject to a second preliminary check on their evidence before discovery is completed.[4]

Having fully reviewed the Report and Recommendation and having reviewed all timely filed objections *de novo*, the Court concludes that the Report and Recommendation should be adopted. Additionally, although Plaintiffs requested additional time to respond to the objections in light of their pending Motion for Sanctions (ECF No. 395), the Court finds that a reply is unnecessary and consequently, the request for additional time is moot. The Court expresses no opinion on the merits of the cases, the credibility or reliability of the evidence, or on the merits of the Motion for Sanctions, which is not yet ripe for review.

Accordingly:

1.      The Report and Recommendation of the Magistrate Judge dated November 30, 2021, ECF No. 374 (Master Docket), is **ADOPTED** and incorporated by reference in this Order, and BP's Objections, ECF No. 389, are **OVERRULED**.

2.      Defendant BP's Motion for Summary Judgment Based on No Admissible Proof of Injury, ECF No. 328 (Master Docket), is **DENIED**.

---

[4] Generally, summary judgment on a technicality related to the claims process is inappropriate. *See generally, Harriel v. BP*, Case No. 2:17cv197-KS-MTP (S.D. Miss. May 13, 2019).

3.      Plaintiffs' request for additional time to respond to the objections, ECF

No. 397, is **DENIED as MOOT**.

**DONE AND ORDERED** this 28th day of December 2021.


*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**